# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| DANIEL D. TAYLOR, | Case No. 1:06-cr-100 |
| *Petitioner,* | Judge Travis R. McDonough |
| v. | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | |
| *Respondent.* | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 118) and supplement (Doc. 121). Also before the Court is the United States' motion for extension of time to file a response (Doc. 119), which as a preliminary matter will be **GRANTED**. For the following reasons, Petitioner's motion will be **DENIED**.

## I. BACKGROUND

In 2006, Petitioner and a co-defendant committed an armed robbery of the Favorite Market convenience store in Chattanooga, Tennessee. (Doc. 98, ¶ 4.) In 2007, Petitioner entered into a plea agreement with the United States ("the Government"), in which he agreed to plead guilty to possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1) and aiding and abetting an armed robbery in violation of 18 U.S.C. §§ 1951 and 2. (*Id.* at ¶ 1.) In the plea agreement, Petitioner stipulated that he was convicted of at least two felony offenses that qualify as predicates for career-offender status under USSG 4B1.1 of the United States Sentencing

Guidelines and that he was an armed career criminal, such that the penalties of 18 U.S.C. § 924(e) applied. (*Id*.)

Petitioner pleaded guilty in accordance with the plea agreement. (Doc. 97.) At the time of sentencing, Petitioner had a criminal history category of VI, based on his prior convictions for aggravated robbery, three controlled-substance offenses, two residential burglaries, three first-degree theft offenses, and an escape. (Presentence Report, ¶¶ 46–55.) Petitioner had nine convictions that were deemed predicates for an armed-career-criminal enhancement, with seven of those convictions also qualifying as predicates for career offender. (*See generally id.* at ¶¶ 46-52, 54-55.) His resulting guideline range was 188 to 235 months, which included a fifteen-year statutory mandatory minimum because of his armed-career-criminal status. (*Id.* at ¶¶ 56, 57, 73, 74.) The Court sentenced Petitioner to 210 months' imprisonment for both the armed robbery and § 922(g)(1) firearm convictions, to be served concurrently. (Doc. 111.)

Petitioner did not appeal his conviction and sentence. In 2009, Petitioner filed a motion pursuant to 18 U.S.C. § 3582 asking the Court to modify his sentence because, according to Petitioner, his conviction for escape no longer qualified as a violent offense. (Doc. 113.) The Court denied the motion because the exceptions under § 3582(c) that would allow the Court to modify a term of imprisonment did not apply to Petitioner's case. (Doc. 114.)

On February 19, 2016, Petitioner filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 118.) In his motion, he asks the Court to resentence him without an armed-career-criminal or career-offender enhancement in light of the Supreme Court of the United States ("the Supreme Court") decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*Id.*) The Government responded in opposition (Doc. 120). In September of

2017, Petitioner filed a supplement to his motion. (Doc. 121.) Petitioner's motion is ripe for review.

II.     **STANDARD OF REVIEW**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Section 2255(f) imposes a one-year limitations period on all petitions for collateral relief under § 2255 running from the latest of: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In ruling on a § 2255 petition, the Court must also determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir.

2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Martin*, 889 F.3d at 832 (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)) (internal quotation marks omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When a petitioner's factual narrative of the events is not contradicted by the record and inherently incredible and the Government offers nothing more than contrary representations, the petitioner is entitled to a hearing. *Id*.

### III. ANALYSIS

#### A. Timeliness

Petitioner's motion is timely. The Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which Petitioner relies upon, announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). Accordingly, Petitioner had one year from the date that *Johnson* was decided in which to file his motion. The Supreme Court decided *Johnson* on June 26, 2015, and Petitioner filed his motion on February 19, 2016. Hence, Petitioner filed his motion well within the one-year time limit.

#### B. Merits

Petitioner contends that he no longer qualifies as an armed career criminal or career offender in light of *Johnson*. (Docs. 118, 121.) However, as discussed below, Petitioner still has

at least three prior convictions that qualify as predicates for the Armed Career Criminal Act ("ACCA"), rendering his armed-career-criminal enhancement valid. Moreover, Petitioner's status as a career offender is unaffected by the ruling in *Johnson* in light of the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886, 892 (2017).

### 1. Armed Career Criminal

The ACCA mandates that a criminal defendant who violates 18 U.S.C. § 922(g)(1) and has three prior convictions for a "violent felony" or a "serious drug offense" or both, must be sentenced to a minimum of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1).

The Armed Career Criminal Act defines "violent felony" as:

> Any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* § 924(e)(2)(B)(i)–(ii). Subsection (i) is known as the "elements clause" or "use-of-force clause." *See United States v. Smith*, 881 F.3d 954, 956 (6th Cir. 2018). Subsection (ii) includes the "enumerated-offense clause" ("is burglary, arson, or extortion, involves the use of explosives") and the "residual clause" ("or otherwise involves conduct that presents a serious potential risk of physical injury to another"). *See id.* at 956–57. In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause is unconstitutionally vague. *Id.* at 2563 ("imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process"). Therefore, for a sentence to

be constitutionally enhanced under § 924(e)(1), it must be based on prior convictions that qualify as violent felonies under the enumerated-offense clause or the use-of-force clause.

To determine whether a prior conviction qualifies as a violent felony under the ACCA, a court begins with the "categorical approach." *See Descamps v. United States*, 570 U.S. 254, 257 (2013). Under the categorical approach, "[s]entencing courts may 'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions'" to determine whether a particular offense qualifies as an ACCA predicate. *Id.* at 261 (emphasis in original) (quoting *Taylor v. United States*, 495 U.S. 575, 600–02 (1990)).

Petitioner's Illinois conviction for aggravated robbery is a violent felony under the ACCA. Under Illinois law, "[a] person commits robbery when he or she knowingly takes property . . . from the person or presence of another *by the use of force or by threatening the imminent use of force*." 720 Ill. Comp. Stat. Ann. 5/18-1 (emphasis added). A robbery is "aggravated" if a person engages in the before-mentioned conduct "while indicating verbally or by his or her actions to the victim that he or she is presently armed with a firearm or other dangerous weapon . . . " *Id*. Because Illinois aggravated robbery includes as an element the use or threatened use of physical force against the person of another, it qualifies as a violent felony under the elements clause.[1] *See* 18 U.S.C. § 924(e)(2)(B)(i).

Moreover, the "serious drug offense" prong of the ACCA was not affected by the ruling in *Johnson*. Hence, Petitioner's Illinois convictions for delivery of a controlled substance and

---

[1] The Government argued that Petitioner's convictions for Illinois residential burglary qualify as ACCA predicates under the enumerated offense clause of § 924(e). (Doc. 120, at 5.) The United States Court of Appeals for the Seventh Circuit has since ruled that Illinois residential burglary is broader in scope than the generic definition of burglary and therefore is not a crime of violence under the ACCA. *United States v. Glispie*, 978 F.3d 502 (7th Cir. 2020).

possession with intent to distribute a controlled substance, both of which are offenses punishable by imprisonment of more than ten years, remain valid ACCA predicates. *See* Ill. Rev. Stat., Ch. 56 1/2, para. 1401 (1991) (indicating that all maximum penalties under the statute exceed ten years).

In sum, Petitioner has at least three qualifying ACCA predicates, one being a violent felony and the other two being serious drug offenses. Because armed-career-criminal status requires only three predicates, Petitioner was and is properly subject to an ACCA enhancement.

### 2. Career Offender

Pursuant to USSG § 4B1.1, "a defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." At the time of Petitioner's conviction, the definition of "crime of violence" in USSG § 4B1.2(a) included a residual clause that was identical to the ACCA residual clause that was invalidated in *Johnson*.

Petitioner contends that the career-offender residual clause is unconstitutionally vague, just like the residual clause of ACCA, and that as a result, his predicates for career-offender status are no longer valid. However, the Supreme Court has made clear that "the residual clause of § 4B1.2(a)(2) is not void for vagueness." *Beckles v. United States*, 137 S. Ct. 886, 892 (2017). In *Beckles*, the Supreme Court observed that, "[u]nlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences." *Id*. Instead, "they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id*. "Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process

7

Case 1:06-cr-00100-TRM-CHS   Document 149   Filed 09/19/22   Page 7 of 8   PageID #: 453

Clause." *Id*. Given the decision in *Beckles*, Petitioner's career-offender predicates cannot be challenged as unconstitutionally vague and his career-offender status remains valid post-*Johnson*.

## IV. CONCLUSION

The record before the Court conclusively shows that Petitioner is not entitled to relief. Accordingly, an evidentiary hearing is unnecessary. *See Martin*, 889 F.3d at 832. Petitioner's § 2255 motion (Docs. 118, 121) is **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**.

Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

As noted above the Government's motion for an extension (Doc. 119) is **GRANTED**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**